NOT FOR PUBLICATION

<u>UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY</u>

| | |
|---|---|
| ENRIQUETA B. AGCAOILI,<br><br>                            Plaintiff,<br><br>    vs.<br><br>MARC E. SAPIN,<br><br>                            Defendant. | Civil Action No. 05-4775 (KSH)<br><br><u>**OPINION**</u> |

**KATHARINE S. HAYDEN, U.S.D.J.**

*Pro se* plaintiff Enriqueta B. Agcaoili brought suit against Marc E. Sapin ("Sapin"), an attorney, on grounds of fraud, obstruction of justice, conspiracy, retaliation, harassment, manipulation and falsification of records, libel/slander, defamation, discrimination, and intentional infliction of physical and mental/emotional distress. In her complaint, plaintiff has asserted federal jurisdiction under 28 U.S.C. § 1331, commonly known as federal question jurisdiction. For the reasons set forth below, the suit is **dismissed** for lack of jurisdiction.

I.    BACKGROUND

The complaint states that plaintiff was struck by an automobile while crossing a street in Jersey City on March 7, 2003. (Compl. ¶ 1.) An ambulance arrived from the Jersey City Medical Center and the ambulance personnel attended the plaintiff while "[s]ome police" (presumably

Jersey City Police Department) spoke to the driver of the vehicle. (Compl. ¶¶ 1- 2.) The complaint asserts that the plaintiff was able to walk away from the accident, but reported on her own to the hospital later that day. (Compl. ¶¶ 5-6.) The complaint alleges that plaintiff did not find out any information about the driver or the car that hit her because she trusted that the police would determine the name of the driver and the license plate of the car. (Compl. ¶ 2.)  The complaint states that sometime thereafter, the plaintiff retained defendant Sapin to represent her. (Compl. ¶¶ 7-8.) The complaint states that the defendant told her he would get the necessary paperwork from Jersey City Medical Center and the police department. (Compl. ¶ 9.) According to the complaint, the plaintiff began therapy with Dr. Danilo Mangunay at defendant's recommendation. (Compl. ¶ 11.)

   Defendant filed a lawsuit on plaintiff's behalf on May 7, 2004 in Hudson County Superior Court, Law Division, Docket No. L. 2566-04. (Compl. ¶ 35.)  Plaintiff's complaint states that plaintiff did not receive a copy of that lawsuit from defendant. (Compl. ¶ 36.) However, the complaint also recites that on April 4, 2005 defendant showed plaintiff "the paper with the caption." (Compl. ¶ 17 .) Apparently when defendant drafted the complaint he misspelled plaintiff's first name and added the name "Rica" between the plaintiff's first and last names. (Compl. ¶ 17.)  Plaintiff's complaint asserts that the defendant "used these names to lose [her] identity in addition to his conspiracy to destroy the case for his own benefits."  (Compl. ¶ 40.) The complaint recites that the conspiracy was "regarding an 'unidentified driver' that he caused/worked on, after about more than two years." (Compl. ¶ 18.) The complaint does not expand on the nature of the conspiracy, nor with whom the defendant allegedly conspired;  nor does the complaint further describe any alleged identity loss.  The complaint also states that the

2

defendant added statements to a deposition after plaintiff signed it. (Compl. ¶¶ 19-24.) In the complaint, plaintiff claims that she immediately terminated defendant's legal services by handing a letter of termination to defendant's secretary. (Compl. ¶ 26.)

The complaint asserts that plaintiff sent a certified letter to defendant on April 25, 2005 and did not receive a reply. (Compl. ¶ 27.) The complaint also states that on June 27, 2005 plaintiff received a package from the defendant containing a copy of a Notice of Motion and an Order, presumably a motion to the court to be relieved as attorney and an order granting same, which plaintiff offers as proof that defendant continued to represent her after he was terminated. (Compl. ¶ 36.) The complaint also states that the package contained a letter from defendant dated June 16, 2005 in which defendant stated that he would be filing a motion to be relieved as her attorney if he did not hear from her within seven days. (Compl. ¶ 37.) In the complaint, plaintiff stated that she considers this letter to be "a threat by Sapin" because she had already terminated him. (Compl. ¶ 38.) The complaint also states that this threat was "one among his violations to [her] constitutional rights." (Id.) The complaint does not specify what constitutional rights were violated nor explain how they were violated. The complaint also claims that plaintiff sent another certified letter to defendant on August 1, 2005, to which defendant did not respond. (Compl. ¶ 40.)

Plaintiff demands "judgment against defendant Marc E. Sapin, plus additional equal amount of liquidated damages, plus interests and cost of suit, plus attorney's fees (my fees), plus ambulance fees, plus Christ Hospital Emergency room bills, plus Dr. Danilo Mangunay therapy bills and such other and further relief as the court may deem just and proper." (Compl. at 15.) Plaintiff asserts federal question jurisdiction as follows (verbatim):

>  Federal Tort Claims Act Actions (28 U.S.C. §§ 2671-80).
>  28 U.S.C. § 134 (b) and 28 U.S.C. § 1402 (b).
>  Privacy Act (5 U.S.C. § 552).
>  5 U.S.C. § 552a (g)(5).
>  Freedom of Information Act: (5 U.S.C. § 552 (a); (4) (B).
>  Copyright Action: 28 U.S.C. § 1400 (a).
>  Patent Action: 28 U.S.C. § 1400 (b).

Complaint, Statement of Jurisdiction at 1-2.

## II. DISCUSSION

"A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." Trent Realty Assoc. v. First Federal Sav. & Loan Ass'n of Philadelphia, 657 F.2d 29, 36 (3d Cir. 1981). In addition, this Court may consider the subject matter jurisdiction of a claim *sua sponte*. "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed R. Civ. P. § 12(h)(3) (emphasis added). Because plaintiff is proceeding *pro se*, this Court construes the pleadings liberally and applies less stringent standards to them than to pleadings drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In construing the pleadings, this Court will "apply the applicable law, irrespective of whether [the] *pro se* litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 248 (3d Cir. 1999). See also Lewis v. Att'y Gen. of U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989). The Court will also "resolve all doubtful questions in favor of the pleader." Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935, 936 (3d Cir. 1968).

Even granting all due deference to this *pro se* plaintiff, the Court concludes that her complaint does not state a federal question and this Court lacks subject matter jurisdiction to hear the claim. Examining the federal statutes that plaintiff specifically names, the Court notes that

4

not one has any relevance to the complaint. The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, "permits suits for torts against the United States." Gotha v. United States, 115 F.3d 176, 179 (3d Cir., 1997). Because the complaint is not brought against the United States nor against an agent or employee of the United States, the Federal Tort Claims Act is inapposite. Because 28 U.S.C. § 1402(b) concerns venue for tort claims brought against the United States, it is similarly inapposite. Plaintiff cites 28 U.S.C. § 134(b), which concerns the tenure and residence of district court judges and is not relevant to plaintiff's complaint. The Privacy Act, 5 U.S.C. § 552a, sets out the requirements for maintenance of records that an agency must follow and "limits an agency's authority to disclose information in its records . . . without the permission of the person to whom the record pertains." Britt v. Naval Investigative Serv., 886 F.2d 544, 546 (3d Cir. 1989). The plaintiff has not alleged that an agency incorrectly maintained nor disclosed any records. The Freedom of Information Act, 5 U.S.C. § 552, "was enacted to facilitate public access to government documents." U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991). However, the plaintiff does not allege that she was denied access to any government documents. Finally, plaintiff does not allege either a copyright violation or a patent violation, therefore 28 U.S.C. § 1400 is not implicated.

It appears from the complaint that plaintiff believes that her lawyer engaged in some kind of malpractice that prejudiced her claim against the driver and/or owner of the automobile that struck her. If so, this claim is properly brought in state court unless there is diversity jurisdiction under 28 U.S.C. § 1332, which is not the case here. "[T]he federal courts are courts of limited, not general, jurisdiction," Sedivy v. Richardson, 485 F.2d 1115, 1122 (3d Cir. 1973), and may not "exercise authority over a case for which [they do] not have subject matter jurisdiction,"

Brown v. Francis, 75 F.3d 860, 866 (3d Cir. 1996).  Plaintiff's complaint does not allege a federal claim, nor does it allege diversity jurisdiction over a state claim.

## III. CONCLUSION

The Court finds that there is no federal question jurisdiction. Plaintiff's complaint is hereby **dismissed without prejudice** for lack of subject matter jurisdiction.  An appropriate order will be entered.


Dated:   11/30/05                                                            /s/Katharine S. Hayden
                                                                                                                 Katharine S. Hayden, U.S.D.J.

.